UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FORT,

    PLAINTIFF,

v.                                                              CASE NO. 09-11128

COMMISSIONER OF                       HONORABLE SEAN F. COX
SOCIAL SECURITY,

    DEFENDANT.

_____/

# OPINION & ORDER
# ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This social security appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Mark Randon on July 28, 2010, relating to the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Randon recommends that the Court grant Defendant's motion and deny Plaintiff's motion. For the reasons that follow, the Court overrules Plaintiff's objections to the R&R, and shall adopt the R&R in its entirety.

## BACKGROUND

Plaintiff Thomas Fort ("Plaintiff") brought this action challenging a final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying his application for disability-insurance benefits. Thereafter, both parties filed cross-motions for summary judgment (Doc. Nos. 15 & 20), which were ultimately assigned to Magistrate Judge Randon pursuant to 28 U.S.C. §636(b)(1)(B) & (C). On July 28, 2010, Magistrate Judge Randon issued his R&R (Doc. No. 22) which recommends that the Court deny Plaintiff's Motion for

1

Summary Judgment or Remand (Doc. No. 15) and grant Defendant's Motion for Summary Judgment (Doc. No. 20).

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b).

On August 11, 2010, Plaintiff filed timely objections to the R&R.

## ANALYSIS

Plaintiff asserts several different objections to the R&R.

Objection 1

Plaintiff first objects to Magistrate Judge Randon's determination that the decisions of the Administrative Law Judge ("ALJ") regarding Plaintiff's mental impairments were supported by substantial evidence.

The R&R states:

> A review of the record indicates that Plaintiff saw a counselor, Mr. Haefner, approximately 14 times during an *eight-month period* from October 2007 through May 2008 (Tr. 473-86, 488-91, 495-500). During this period, psychiatrist Dr. Sadasivan examined Plaintiff once, in November 2007 (Tr. 492-94). *These sparse treatment records simply do not establish that – as of Plaintiff's alleged onset of disability, in January 2006 – Plaintiff experienced mental impairments that significantly interfered with his ability to work*. As such, the ALJ reasonably concluded that these records did not establish that Plaintiff's ability to perform the mental and emotional requirements of simple, routine work was impaired for a continuous twelve-month period (Tr. 13). *See* 20 C.F.R. §§ 404.1509, 416.909.

2

(R&R at 11) (emphasis added).

In his objections, Plaintiff argues that "the characterization of 15 visits for mental health concerns as sparse is erroneous." The R&R stated, however, that the *treatment records* were sparse and "did not *establish*" that Plaintiff was unable to preform simple and routine work for a *twelve-month period*. This Court agrees with that finding.

Plaintiff also argues,

> [T]he ALJ failed to indicate what evidence he weighed in dismissing meeting Listing 12.04[1] and simply recited the listings and made special technique findings without rationale. (R.11). However, the Magistrate Judge seems to gloss over the lack of rationale and simply addresses Defendant's arguments in regards to why greater limitations should not be found based on the evidence. . .

(Pl.'s Obj. at 2).

The ALJ's written decision contained a section titled "Findings of Fact and Conclusions of Law," in which that ALJ wrote:

> Claimants's mental impairments, including the substance abuse disorders, do not meet listings 12.04 affective disorders, or 12.09 Substance addiction disorders. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the impairments must result in *at least two* of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme.

(R. at 11; Doc. No. 13-3) (emphasis added).

---

[1] Listing 12.04 is found in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, Section 12.04. It is divided into three paragraphs, A, B, and C. The listing states, "The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." *Id.*

The ALJ noted that Plaintiff had only "moderate restriction" in his daily living activities and social functioning, that he had "marked difficulties" with concentration caused by smoking marijuana regularly, and that he had no episodes of decompensation. In light of these findings, the ALJ determined the Plaintiff did not meet the "paragraph B" criteria. (R. at 11).

Further, the ALJ stated, "The undersigned has also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria [e.g. 12.04]." (R. at 11).

The R&R stated, "Plaintiff argues that the ALJ ignored evidence of his mental limitations and erred by finding that he did not meet Listing 12.04 . . . . Defendant responds that the ALJ expressly considered Plaintiff's condition under Section 12.04 and other sections of the Listing of Impairments . . . . Defendant's argument is well taken." (R&R at 12).

This Court agrees. The ALJ considered whether Plaintiff met the criteria of Listing 12.04, and there is sufficient evidence to support the ALJ's decision. *See* (R&R at 12).

In arguing that Plaintiff meets the criteria of Listing 12.04, Plaintiff relies on the report of Dr. Sadasivan and records from therapist Thomas Haefner. Regarding Dr. Sadasivan, the R&R accurately noted that Dr. Sadasivan "does not appear to be a long-term treating physician, who was familiar with plaintiff over an extended period of time." (R&R at 12). Regarding Haefner's records, the R&R agreed with Defendant's assertion that the records "do not show that the ALJ erred in assessing the severity of Plaintiff's mental impairment." (R&R at 12). Additionally, this Court agrees that the ALJ "was under no obligation to purchase a consultative examination in order to assist Plaintiff in establishing disability." (R&R at 13).

Plaintiff also objects to the R&R's discussion of Plaintiff's use of marijuana. Plaintiff

4

argues:

> [T]he Magistrate fails to address the fact that Defendant did not contest that the ALJ played doctor by concluding that Plaintiff's inability to sustain concentration/attention is due to routine use of marijuana. Defendant also failed to respond to Plaintiff's argument that the ALJ's determination that Plaintiff's "use of cannabis could reasonably exacerbate his depression" is another unfounded and incorrect lay opinion, despite the medical study cited by Plaintiff that adults do not increase their risk of depression by using marijuana.

(Pl.'s Obj. at 8)(internal citations omitted).

As the R&R noted, "SSI benefits cannot be awarded where drug or alcohol abuse is material to a finding of disability. *See* 20 C.F.R. § 416.935." (R&R at 14).

The R&R stated that Plaintiff reported *daily* marijuana use to therapist Haefner on October 17, 2007. (R&R at 4). Six days later, on October 23, 2007, Plaintiff told Dr. Sadasivan that he used marijuana 1-2 times a week. (R&R at 5). Lastly, at the hearing, Plaintiff testified that he continued to use cannabis once a month. (R&R at 13). This is sufficient evidence to support the ALJ's determination that if Plaintiff stopped using marijuana, he would be able to work. (R. at 15). This evidence also supports the ALJ's other determinations regarding Plaintiff's substance abuse.

With regards to Plaintiff's first objection, the Court has reviewed the R&R de novo, and has considered all of Plaintiff's arguments. After doing so, the Court finds that the ALJ's decision regarding Plaintiff's mental impairment was supported by substantial evidence. Accordingly, the Court will overrule Defendant's first objection.

Objection 2

Plaintiff's also objects to the recommendation to uphold the ALJ's determination that Plaintiff was not credible. (Pl.'s Obj. at 8).

An ALJ's credibility determination should "be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility. Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (internal citations omitted).

On October 17, 2007, Plaintiff reported *daily* marijuana use, but at the hearing, Plaintiff testified that he continued to use cannabis once a month. (R&R at 13).

The ALJ's report stated:

> Although the representative denied [Plaintiff] had a drinking or drug problem, it was reported [10/17/07] that [Plaintiff] used cannabis on a *daily basis*. At the hearing [7/17/08], [Plaintiff] admitted that he was still using; e.g. on 7/4/08; once a day, for depression.

(R. at 12)

Plaintiff argues that "Plaintiff was forthcoming and credible in his reports of marijuana use," and that "Plaintiff's activities do not demonstrate a lack of credibility." (Pl.'s Obj. at 8). The Court disagrees.

The ALJ did not expressly note the contradiction between Plaintiff's statement on October 17, 2007, and his hearing testimony. Despite this, the ALJ was aware of Plaintiff's October 17, 2007 statement that he used marijuana daily, and was present at the hearing when Plaintiff stated that he used marijuana on a monthly basis. Further, he rejected Plaintiff's hearing testimony when he found that Plaintiff used marijuana on a daily basis.

6

This Court finds that substantial evidence supported the ALJ's credibility determination. Accordingly, the Court will overrule Plaintiff's second objection.

Third Objection

Lastly, Plaintiff objects to the recommendation to uphold the ALJ's determination that Plaintiff could perform a significant number of jobs other than his past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ wrote, "If [Plaintiff] stopped the substance abuse, considering [his] age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that [he] could perform." (R. at 15) (citations omitted). This determination is supported by the testimony of Lawrence Zatkin, a vocational expert ("VE"), who testified at the hearing that "[t]here's a variety of unskilled jobs . . . that comport with [Plaintiff's] physical capacity as long as he has the flexibility to sit or stand at will." (R. at 60).

Plaintiff argues that the "sit / stand option" does not exist in the Dictionary of Occupational Titles ("DOT"), and therefore the VE's testimony conflicted with the DOT. Plaintiff's motion for summary judgment states, "According to SSR 00-04p, 'when there is an apparent unresolved conflict between VE [ ] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE [ ] evidence to support a determination or decision about whether the claimant is disabled.' " (Pl.'s Br. at 19).

Defendant's brief noted, "The VE's testimony supplemented information in the DOT, it did not conflict with the DOT. Contrary to the Plaintiff's assertion, the VE was not testifying as to any vocational 'accommodation'; instead, he was testifying as to the manner in which the jobs

7

he identified were performed." (Def.'s Br. at 13).

This Court agrees that the VE's testimony supplemented the DOT, and did not contradict it. The Court also agrees with the R&R, "the VE was not testifying as to any vocational 'accommodation'; instead, he was testifying as to the manner in which the jobs he identified were performed." (R&R at 15). Accordingly, the Court shall overrule Plaintiff's third objection.

## CONCLUSION & ORDER

For the reasons above, the Court ADOPTS the July 28, 2010 R&R in its entirety. The Court DENIES Plaintiff's Motion for Summary Judgment or Remand and GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager